IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILLIAM MATTHEWS and MIRIAM THOMPSON, individually, and W.M., MINOR, by and through her natural parents and next of kin, WILLIAM MATTHEWS AND MIRIAM THOMPSON,<br><br>    Plaintiffs,<br><br>v.<br><br>RIVERGROVE APARTMENTS, LLC,<br><br>    Defendant. | No. 2:23-cv-2635-SHL-cgc |

**ORDER DENYING PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Before the Court is the Plaintiffs William Matthews and Miriam Thompson, individually, and W.M., minor, by and through her natural parents and next of kin, William Matthews and Miriam Thompson's Corrected Stipulation of Voluntary Dismissal without Prejudice,[1] filed February 2, 2024, and signed by Plaintiffs' counsel only.  (ECF No. 31.)  The notice purports to dismiss, without prejudice, Plaintiffs' action against Defendant Rivergrove Apartments, LLC, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  (Id. at PageID 139.)

Defendant filed an answer to Plaintiffs' Complaint on October 6, 2023.  (ECF No. 6.) Because of that, a notice of dismissal pursuant to Rule 41(a) signed by only one party is improper, even if that notice includes the plural noun "parties" and the plural possessive adjective "their."  (ECF No. 31 at PageID 139.)  Rule 41(a) is unequivocal—the stipulation of dismissal must be "signed by all parties who have appeared."  See Fed. R. Civ. P. Rule

---

[1] Plaintiffs' initial Stipulation of Voluntary Dismissal without Prejudice (ECF No. 30), is also **DENIED**.

41(a)(1)(A)(ii).  Because Plaintiffs' notice is improper under the Federal Rules of Civil Procedure, dismissal is **DENIED**.

Additionally, because a minor is involved, this Court might need to serve "as arbiter to decide in the case of [the] minor's claim what is fair and reasonable and *in the best interest of the minor*."  Dean v. Holiday Inns, Inc., 860 F.2d 670, 673 (6th Cir. 1988) (emphasis in original).  If a settlement was reached between the Parties, then "'[f]airness of the settlement must be determined by the trial court . . . since [minors] are unable to care for themselves, [they] deserve the court's protection.'"  Id. (quoting Centala v. Navrude, 186 N.W.2d 35, 36 (Mich. Ct. App. 1971)).  District courts would be "remiss if [they did not make] an independent determination that the settlement was in the minor's best interest."  Green v. Nevers, 111 F.3d 1295, 1301 (6th Cir. 1997).  Thus, the Parties are **ORDERED** to disclose whether a settlement was reached with the minor, W.M.

**IT IS SO ORDERED,** this 6th day of February, 2024.

                                                s/ Sheryl H. Lipman  
                                                SHERYL H. LIPMAN  
                                                CHIEF UNITED STATES DISTRICT JUDGE